IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | | |
|---|---|---|
| Chris Schertz | : | |
| Plaintiffs, | : | Civil Action No. _____ |
| vs. | : | |
| LHR, INC. | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Chris Schertz, by his attorney Ray Johnson, for his claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Chris Schertz, is a natural person residing in Iowa.

4. Defendant, LHR, Inc., is a debt collection agency engaged in the business of collecting debts in the state of Iowa.

## IV. FACTUAL ALLEGATIONS

5. Defendant has repeatedly contacted Schertz in an attempt to collect an alleged debt of over $800 that Schertz does not owe. The debt collection attempts have included a debt collection call to Schertz's neighbor when Defendant was well aware of Schertz's contact information.

6. Schertz has never acknowledged the validity of the alleged debt and cannot determine where the debt came from.

7. Defendant has repeatedly refused to verify the alleged debt. Despite failing to verify the debt, Defendant has reported the alleged debt to credit reporting agencies.

8. Schertz complained to the New York Attorney General's Office regarding Defendant's behavior. In correspondence related to that complaint, Defendant included "proof" that the alleged debt belonged to Schertz. The "proof" was a collection statement belonging to a woman in Texas for a cellular phone bill.

9. Defendant has repeatedly misrepresented the amount of the alleged debt in an attempt to collect over $800 from Schertz.

## V. FIRST CLAIM FOR RELIEF
(Federal Unfair Debt Collection)

10. All facts and allegations of this Complaint are incorporated herein by reference.

11. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated 15 U.S.C. § 1692e(10) by making false representations or using deceptive means to collect or attempt to collect the alleged debt.

b. Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character or amount of the debt.

c. Defendant violated 15 U.S.C. § 1692e(8) by communicating to any person credit information which is know or should be known to be false, including the failure to report that a debt is disputed.

d. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not legally be taken.

e. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by an agreement or permitted by law.

13. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

14. All facts and allegations of this Complaint are incorporated herein by reference.

15. For purposes of Plaintiff's alleged obligation, Defendant was collecting for a "creditor" as defined in Iowa Code § 537.7102(2).

16. Plaintiff's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

17. With regard to attempts to collect from Plaintiff as alleged herein, Defendant was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

18. Defendant violated the State Act. The foregoing acts, omissions and practices of Defendant violated Iowa Code § 537.7103, including but not limited to:

   a. Taking an action, or threatening to take actions, prohibited by Iowa Code Chapter 537 or other law in violation of Iowa Code § 537.7103(1)(f);

   b. Making a representation which tends to create a false impression of the character, extent, or amount of a debt in violation of Iowa Code § 537.7103(4)(e);

19. As a proximate result of the unfair debt collection, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

   A. Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

   B. Actual and statutory damages pursuant to Iowa Code § 537.5201(1);

   C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8); and

   D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite, 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com